**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Craig Beasley, | No. CV-24-03708-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| JPMorgan Chase Bank NA, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Remand to State Court. (Doc. 27). For the following reasons, the Motion is granted.

Plaintiff James Craig Beasley, an Arizona resident, initiated this action seeking damages for negligence, negligence per se, and premises liability in Maricopa County Superior Court. (Doc. 1-1). Defendant JP Morgan Chase Bank NA removed this case to federal court on December 24, 2024 based on diversity jurisdiction. (Doc. 1). On March 20, 2025, Plaintiff filed his Second Amended Complaint, in which he added Defendant Valley National Bank of Arizona to this action. (Doc. 23 at 2). Plaintiff now moves to remand this action to the Maricopa County Superior Court. (Doc. 27).

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of establishing subject matter jurisdiction as a basis for removal by a preponderance of the evidence. *Id.* at 1117; *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988). To satisfy this burden under

28 U.S.C. § 1441, the removing party must demonstrate that jurisdiction existed at the time of removal. *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009). For diversity cases, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Whereas the Constitution contemplates minimal diversity, 28 U.S.C. § 1332 requires complete diversity—no plaintiff may be a citizen of the same state as any defendant. *Cady v. Am. Family Ins. Co.*, 771 F. Supp. 2d 1129, 1130 (D. Ariz. 2011). There is a "strong presumption against removal jurisdiction," which "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

Plaintiff argues that this case must be remanded state court because complete diversity does not exist between the parties to this litigation. (Doc. 27 at 2). Specifically, the Plaintiff argues that the addition of Defendant Valley National Bank of Arizona eliminates complete diversity of citizenship. (*Id*.). Defendant Valley National Bank of Arizona is an Arizona corporation (Doc. 23 at 2), and thus, is a citizen of Arizona under 28 U.S.C. 1332(c)(1). As such, there is not complete diversity of citizenship between the parties, and this Court lacks subject matter jurisdiction over the action. Pursuant to 28 U.S.C. § 1447(c), the Court must remand this action. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 27) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Maricopa County Superior Court and **terminate** this case.

Dated this 27th day of May, 2025.

Honorable Steven P. Logan
United States District Judge